## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## BALTIMORE DIVISION

|  |  |
|---|---|
| Joshua Davis, | : |
| | : |
| Plaintiff, | : Civil Action No.: 1:15-cv-238 |
| | : |
| v. | : |
| | : |
| Elite Mini Vacations, LLC; and DOES 1-10, | : **COMPLAINT** |
| inclusive, | : |
| | : |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Joshua Davis, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3.      The Plaintiff, Joshua Davis ("Plaintiff"), is an adult individual residing in Westminster, Maryland, and is a "person" as defined by 47 U.S.C. § 153(39).

4.      Defendant, Elite Mini Vacations, LLC ("Elite"), is a Missouri business entity with an address of 3154 US Highway 160, Walnut Shade, Missouri 65771, and is a "person" as defined by 47 U.S.C. § 153(39).

5.      Does 1-10 (the "Agents") are individual agents employed by Elite and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as

parties once their identities are disclosed through discovery.

6.      Elite at all times acted by and through one or more of the Agents.

## FACTS

7.      In or around June 2014, Elite began calling Plaintiff's cellular telephone, number 443-XXX-4113.

8.      Elite called Plaintiff from telephone numbers702-514-4072 and 702-273-3022.

9.      Elite called Plaintiff using an automated telephone dialing system ("ATDS" or "Predictive Dialer").

10.     When Plaintiff answered calls from Elite he experienced a brief period of silence before being connected to a live representative.

11.     Upon reaching a live representative, Plaintiff requested that Elite stop calling.

12.     Nevertheless, Elite continued to call Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, et seq.

13.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14.     At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer").

15.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that

2

has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

16.    Defendants' telephone systems have some earmarks of a Predictive Dialer. When Plaintiff answered the phone, he was met with a period of silence before Defendants' telephone system would connect him to the next available representative.

17.    Upon information and belief, Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18.    Despite being directing to cease all calls, Defendants continued to place automatic telephone calls to Plaintiff's cellular telephone. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19.    The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20.    The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21.    Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22.    Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 28, 2015

Respectfully submitted,

By     /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF